**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNIS RAY HANSON,** | 1:07-CV-1556-AWI WMW HC |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| **SUE HUBBER,** | [Doc. 24] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On March 23, 1998, Petitioner was convicted of willful infliction of injury upon a cohabitant and misdemeanor assault.  The jury found true allegations that Petitioner had suffered two prior Penal Code section 273.5 convictions within the previous seven years, four

prior felony convictions within the meaning of the three strikes law, and had served four separate prison terms for prior felony convictions. On May 26, 1998, Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life on the felony conviction and one year for each of the three prior prison term enhancements. The court also imposed a concurrent six-month term on the misdemeanor conviction.

Petitioner filed a direct appeal from his conviction. On September 30, 1999, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which was denied on December 15, 1999.

Petitioner subsequently filed five pro se state post-conviction collateral challenges.

On July 19, 2001, Petitioner filed a petition for writ of habeas corpus in this court, challenging the same conviction challenged in the present petition. The matter was assigned case number 1:01-cv-5932 DLB. The court denied the petition on March 19, 2004, and judgment for Respondent was entered on March 22, 2004.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

3

constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition as an unauthorized second or successive petition and as barred by the statute of limitations. Petitioner has not opposed or otherwise responded to Respondent's motion. Because the court finds that it must dismiss the petition on the first ground, it is unnecessary for it to address the second.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274

4

F.3d 1270, 1273 (9th Cir.2001).  Even if a petitioner can demonstrate that he qualifies for one of the exceptions set forth in 28 U.S.C. § 2244(b)(2), he must seek authorization from the court of appeals before filing his new petition with the district court.  28 U.S.C. § 2244(b)(3).

In this case, Petitioner challenges the same conviction he previously challenged in case number 1:01-cv-5932 DLB.  Petitioner has not obtained from the United States Court of Appeals for the Ninth Circuit an order authorizing him to file a second or successive petition in this court, pursuant to 28 U.S.C. § 2244(b)(3)(A).  Accordingly, this is an unauthorized second or successive petition and must be dismissed without prejudice to Petitioner filing a new petition should he receive an order from the Ninth Circuit authorizing him to do so.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1) This petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner filing a new petition should he receive an order from the Ninth Circuit authorizing him to do so;  and

2) The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez

5

1  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3       IT IS SO ORDERED.

4  **Dated:   November 6, 2008**        **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

6